FILED

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE DOUGLAS MERKLEY, | No. 15-35087 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00463-CWD |
| v. | |
| STATE OF IDAHO; CORIZON HEALTH SERVICES INCORPORATED, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding**

Submitted September 21, 2015***

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Idaho state prisoner Wayne Douglas Merkley appeals pro se from the district

court's order denying his motion for leave to proceed in forma pauperis ("IFP") in

_____

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      Merkley consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action alleging various constitutional claims and claims under the Americans with Disabilities Act. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). We reverse and remand.

The district court denied Merkley's motion to proceed IFP because it concluded that Merkley did not make a sufficient showing of indigency. However, there was inadequate support in the record to conclude that Merkley had access to sufficient funds to pay the court costs and his basic needs. *See id*. at 1234 (explaining that a district court abuses its discretion when it "rules on an issue without giving a party an opportunity to explain, or without adequate support on the record"). The record shows that Merkley received approximately $130.00 per month, but does not show how much his monthly expenses were and what items he purchased at the prison's commissary. Accordingly, we reverse the judgment and remand for further proceedings.

Because the scope of Merkley's appeal is limited to the district court's denial of IFP, we do not consider the merits of Merkley's claims.

All pending requests are denied.

**REVERSED and REMANDED.**